UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SUSAN LEA NEST
and HARRISON WERMUTH,

    Plaintiffs,

v.                              Case No.:

GEORGE ROUHIB, DET. LISA PETTYS,
and D/LT. GERALD ULEWICZ,
individually and in their
official capacities, jointly and severally

    Defendants.
_____/

CONSTITUTIONAL LITIGATION
ASSOCIATES, P.C.
Hugh M. Davis (P12555)
Attorney for Plaintiff
450 W. Fort Street, Suite 200
Detroit, Michigan 48226
(313) 961-2255 / Fax: (313) 961-5999
conlitpc@sbcglobal.net
_____/

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiffs, by and through their attorney, Hugh M. Davis, of Constitutional Litigation Associates, P.C., and for their complaint state as follows:

### JURISDICTION AND VENUE

1.    The suit arises under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, insofar as they protect the liberty and property interests of an individual and her right to due process. Those rights are enforceable against state actors pursuant to 42 USC § 1983.

2. Jurisdiction arises under 28 USC § 1331 (federal question) and 28 USC § 1343 (civil rights).

3. Jurisdiction over Plaintiff's pendent state-law claims arises under 28 USC § 1367.

4. Venue is proper pursuant to 28 USC § 1391 inasmuch as all Defendants reside in the Eastern District of Michigan and the acts complained of occurred there.

## PARTIES

5. Plaintiff Susan Lea Nest (hereinafter, "Nest") is a resident of the City of Farmington Hills, County of Oakland, and is a citizen of the State of Michigan.

6. Plaintiff Harrison Wermuth (hereinafter, "Wermuth") is Nest's son, a resident of the City of Farmington Hills, County of Oakland, and is a citizen of the State of Michigan.

7. Defendant George Rouhib (hereinafter, "Rouhib") is or was at the time of the matters complained of employed by the City of Fraser as its Director of Public Safety. Upon information and belief, Rouhib is a resident of Macomb County, Michigan and was at all times acting within the course and scope of his official duties and under color of state law. He is sued in his official and individual capacities.

8. Defendant Lisa Pettys (hereinafter, "Pettys") is or was at the time of the matters complained of employed as a police detective by the City of Fraser Department of Public Safety. Upon information and belief, Pettys is a resident of Macomb County, Michigan and was at all times acting within the course and scope of her official duties and under color of state law. She is sued in her official and individual capacities.

2

9. Defendant Gerald Ulewicz (hereinafter, "Ulewicz") is or was at the time of the matters complained of employed as a police detective sergeant by the City of Fraser Department of Public Safety. Upon information and belief, Ulewicz is a resident of Macomb County, Michigan and was at all times acting within the course and scope of his official duties and under color of state law. He is sued in his official and individual capacities.

10. Defendant JOHN DOES I-V represent all other personnel employed by the City of Fraser whose identities are presently unknown to Plaintiff but who were involved in the handling of Plaintiff's personal property seized as a result of the execution of search warrants at Plaintiff's residences on February 4th or 5th, 2010.

11. Defendant JOHN DOES VI-X represent any other personnel, employed by other law enforcement agencies, whose identities are presently unknown to Plaintiff but who were involved in the handling of Plaintiff's personal property seized as a result of the execution of search warrants at Plaintiff's residences on February 4th or 5th, 2010.

## COMMON ALLEGATIONS OF FACT

12. On February 4th, 2010, as a part of an ongoing criminal investigation of Nest's ex-husband, Defendants prepared and executed a search warrant at Plaintiffs' residence, located at 1270 Pierce in Birmingham, Oakland County, Michigan. A "Return and Tabulation" related to the search and seizure of Plaintiffs' property located at the Birmingham residence was signed by Pettys and witnessed by Ulewicz.

13. On February 4th, 2010, Nest was arrested and placed in a holding cell in the basement of the Fraser Department of Public Safety. The stated ground for her arrest and detention was that she was suspected of involvement in money laundering.

14. On February 5th, 2010, Defendants prepared and executed a search warrant at Plaintiffs' other residence, located at 35486 Springvale in Farmington Hills, Oakland County, Michigan. A "Return and Tabulation" related to the search and seizure of Plaintiffs' property located at the Farmington Hills residence was signed by Pettys and witnessed by an unknown officer.

15. No copies of the affidavits, warrants, or tabulations were served on Plaintiffs personally.

16. Property seized by Defendants during execution of the warrants included various financial and business records, correspondence, currency, checks, gift cards, gold and silver coins, jewelry, electronics, credit cards, and a safe and its contents.

17. Nest was released from jail on February 5th, 2010, never having been charged or arraigned.

18. Utilizing information obtained during the searches, the prosecutor sought and was granted an ex parte order on February 5th, 2010, freezing Plaintiffs' bank accounts and safety deposit box, preventing Plaintiffs from accessing and inventorying the contents of said box.

19. No criminal charges were ever brought against Nest in connection with this matter.

20. However, the IRS indicated its interest in bringing civil forfeiture proceedings against the monies in Plaintiffs' frozen bank accounts. As a result, jurisdiction over those accounts was transferred by a stipulated turnover order from the Macomb County Circuit Court to the United States District Court for the Eastern District of Michigan.

21.     All other records and personal property (including the safety deposit box and its contents) seized during or as a result of the February 4th and 5th, 2010 raids remained in the custody and control of the City of Fraser Department of Public Safety.

22.     Once Nest received confirmation from federal prosecutors that no criminal prosecution would be brought against her, she filed a motion on or about June 15, 2010 seeking the return of all personal property seized by Defendants in the February 4th and 5th, 2010 raids. The motion was heard before Judge Swistalski in the Macomb County Circuit Court on or about July 6, 2010.

23.     A stipulated turnover order was entered on January 31, 2011, in which the City of Fraser agreed to turn over all such property.

24.     On February 18, 2011, Nest met with Pettys to retrieve Plaintiffs' seized property. At that time, Plaintiffs discovered that significant amounts of their personal property were missing because:

        a. Some seized property had never been logged on the tabulation and return; and

        b. Other seized property had been logged on the tabulation and return forms, but had not been returned to Plaintiffs.

Nest notified Pettys of the missing property and noted some of the missing property on "Exhibit Lists" provided by Pettys at the time of the turnover.

25.     Pettys consulted with Rouhib and Nest was informed that Fraser was keeping almost $7,000 in cash because it was "part of the forfeiture."

26.     In actual fact, no state or local forfeiture proceedings had been brought against Plaintiffs' personal property. With respect to the IRS, its interest was in the

monies located in Plaintiffs' frozen bank accounts, not the property seized during Defendants' execution of the search warrants.

27. In addition to the nearly $7,000 in cash, approximately $50,000 worth of jewelry, coins, gift cards and other valuable property was not returned to Plaintiffs during the turnover.

28. Pettys told Nest that there was nothing further of value being held by the Fraser police and that everything had been turned over to the IRS.

29. Assistant United States Attorney Eric Straus, the federal prosecutor who declined to prosecute Nest in connection with this matter, twice contacted the IRS regarding the possiblility that Plaintiffs' missing property was in the custody or control of the IRS. Straus was informed that the only property turned over by the Fraser Police to the IRS were copies of various records and emails that were relevant to their investigation of Nest's ex-husband.

30. Through the efforts of Nest's previous counsel and undersigned counsel, Nest was eventually able to obtain the return of $6,920 in currency seized and wrongfully retained by Defendants and the City of Fraser until July 2010, more than five months after then entry of the turnover order. To date, Defendants have failed to return the other missing property.

31. Defendants have refused to meet with Plaintiffs regarding the other missing property and undersigned counsel's attempts to obtain from the City of Fraser via the Freedom of Information Act any records related to the seizure, inventory, and custody of Plaintiffs' seized property have been met with silence.

32. Upon information and belief, after the property was seized from Plaintiffs, the property was used, lost, destroyed, sold, converted, stolen or otherwise mishandled by the Defendants.

33. Further, a significant amount of the property seized from Plaintiffs was never listed on any return and was either lost or stolen by the Defendants or others working in conjunction with them.

34. All of the above actions are in violation of MCL 780.655 as it relates to the handling of property seized pursuant to warrant and/or held in conjunction with criminal or civil proceedings.

35. Defendants further violated MCL 780.655 by failing to leave Plaintiffs the warrants and applications for search warrants executed February 4th and 5th, 2010.

36. As a result of the actions described above, Plaintiffs suffered damages as follows:

      a. Physical pain and suffering.

      b. Mental anguish and emotional distress.

      c. Humiliation, mortification, shock, shame and public obliquy.

      d. Legal expenses.

      e. Loss of income and ability to make income.

      f. Loss and destruction of property.

      g. Loss of enjoyment of life.

## COUNT I

### Violation of Civil Rights
### Deprivation of Property Without Due Process
### 42 USC § 1983

37.  Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

38.  The acts of Defendants above complained of herein, and each of them, constituted violations of Plaintiffs' civil and constitutional rights, and deprived Plaintiffs of their property without due process of law, in violation of the Fifth and Fourteenth Amendments, made actionable by 42 USC § 1983.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and punitive, along with their attorney's fees, interests, and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### Violation of Civil Rights
### Unreasonable Continuing Seizure of Property
### 42 USC § 1983

39.  Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

40.  A seizure implicating the Fourth Amendment occurs when there is some meaningful interference with an individual's possessory interests in property.

41.  Defendants wrongfully delayed or refused to return Plaintiffs' seized property even though a stipulated order had been entered requiring them to promptly return all such property.

42. The acts of Defendants above complained of herein, and each of them, constituted violations of Plaintiffs' civil and constitutional rights, and constituted unreasonable continuing seizures of Plaintiffs' property, in violation of the Fourth and Fourteenth Amendments, made actionable by 42 USC § 1983.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and punitive, along with their attorney's fees, interests, and costs pursuant to 42 U.S.C. § 1988.

## COUNT III

### Common Law Conversion

43. Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

44. Defendants held in their custody personal property lawfully belonging to Plaintiffs.

45. Defendants removed, destroyed, converted to their own use or gave away certain items of Plaintiffs' property.

46. Said items were worth approximately $50,000.

47. Defendants' actions constitute common-law conversaion.

48. The acts of Defendants, and each of them, were undertaken in such a dishonest and reprehensible manner that Plaintiffs are entitled to exemplary damages.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and exemplary, along with their attorney's fees, interests, and costs so wrongfully incurred.

## COUNT IV

### Stautory Conversion
### MCL § 600.2919a

49. Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

50. Defendants converted certain items of property belonging to Plaintiffs to Defendants' own uses.

51. Such conduct violates MCL § 600.2919a, entitling Plaintiffs to treble damages, as well as attorneys' fees.

52. The acts of Defendants, and each of them, were undertaken in such a dishonest and reprehensible manner that Plaintiffs are entitled to exemplary damages.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and exemplary, along with their attorney's fees, interests, and costs so wrongfully incurred.

## COUNT V

### Violations under the Michigan Constitution and MCL § 780.655

53. Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

54. Defendants' conversion of property rightfully belonging to Plaintiffs is violative of Mich. Const. Art. 17 (deprivation of due process).

55. The failure to leave a copy of the application and warrant, the failure to tabulate seized property with the required specificity, the seizure of property without

tabulating it and the destruction, improper use or theft of Plaintiffs' property all constituted violations of MCL § 780.655.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and exemplary, along with their attorney's fees, interests, and costs so wrongfully incurred.

## COUNT VI

### Fraud and Misrepresentation

56. Plaintiffs hereby state and incorporate all preceding paragraphs in this complaint as if fully set forth herein.

57. Defendants deliberately gave "Return and Tabulation" forms to Plaintiffs with the intent of inducing Plaintiffs to rely on such documents for the later return of their property, which Defendants knew they were not going to honor at the time those forms were provided to Plaintiffs.

58. Plaintiffs did in fact rely on those forms to their detriment.

59. As a result of the wrongful acts of Defendants, and each of them, Plaintiffs have suffered the loss of the benefit of their property.

WHEREFORE, Plaintiffs request judgment in such amount as shall be deemed just by the Court for all of their damages herein, compensatory and exemplary, along with their attorney's fees, interests, and costs so wrongfully incurred.

Respectfully submitted,

CONSTITTUIONAL LITIGATION ASSOC., P.C.

By: /s/ Hugh M. Davis
Hugh M. Davis (P 12555)
Attorney for Plaintiff

11

          450 W. Fort Street, Suite 200
          Detroit, Michigan 48226
          (313) 961-2255
          (313) 961-5999
          conlitpc@sbcglobal.net

Dated:   February 3, 2013

## JURY DEMAND

Plaintiffs hereby demand trial by jury in the above-titled cause of action.

          CONSTITTUIONAL LITIGATION ASSOC., P.C.

          By: */s/ Hugh M. Davis*
          Hugh M. Davis (P 12555)
          Attorney for Plaintiff
          450 W. Fort Street, Suite 200
          Detroit, Michigan 48226
          (313) 961-2255
          (313) 961-5999
          conlitpc@sbcglobal.net

Dated:   February 3, 2013